UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONNA BAKER,

    Plaintiff,

v.                                                    Case No. 17-cv-650-pp

NATALIE FLEURY, MICHELLE SHASHA,
CASSANDRA ANICK, CHRISTY SMITH, and
MEDICAL COLLEGE OF WISCONSIN,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2),
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT
COUNSEL (DKT. NO. 3), AND ORDERING THE U.S. MARSHAL TO SERVE
THE DEFENDANTS**

---

The plaintiff, who is proceeding without a lawyer, filed this complaint on May 5, 2017. Dkt. No. 1. At the same time, the plaintiff asked this court for leave to proceed without prepayment of the filing fee, dkt. no. 2, and to appoint counsel, dkt. no. 3. The court will grant the plaintiff's motion to proceed without prepaying the filing fee, and will allow her to proceed on her discrimination claims, but will deny without prejudice her request for the appointment of counsel.

**I.**     **Screening of the Plaintiff's Complaint**

The court may allow someone to proceed without prepayment of the filing fee if the complaint meets two conditions: (1) the plaintiff shows that she is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does

1

not fail to state a claim on which relief may be granted and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

In her request to proceed without prepaying the filing fee, the plaintiff states that she is not married and does not have a job, and that she does not financially support any dependents. Dkt. No. 2 at 1. On a weekly basis, she receives Wisconsin Unemployment Insurance of $356. Her monthly expenses (mortgage, car, credit card and other household expenses) total $2,312.18. Id. at 2. Although her home is valued at $65,000, she does not have any cash, checking or savings accounts. Id. Based on the information contained in the plaintiff's affidavit, the court concludes that the plaintiff is unable to pay the filing fees and costs associated with filing a lawsuit, so the plaintiff has met the financial requirements of §1915(a).

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). To make this determination, district courts "screen" complaints filed by self-represented plaintiffs who request relief from the filing fee, to determine whether they must dismiss complaints under these standards.

A complaint is frivolous, for purposes of §1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may

dismiss a case as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Id. at 32 (quoting Neitzke, 490 U.S. at 327). The standards for deciding whether to dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive dismissal, the complaint must contain enough "[f]actual allegations ... to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612. The court must liberally construe a *pro se* plaintiff's allegations, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that between February and September of 2016, while she was employed at the Medical College of Wisconsin as an education coordinator, the defendants discriminated against her because of her race, created a hostile work environment and retaliated against her when she alerted others of the discriminatory treatment. Dkt. No. 1. The plaintiff asserts that manager Michelle Shasha extended the plaintiff's probationary period even

though she was told by her previous manager that she was on target with her goals. Id. at 3. The plaintiff alleges that both Shasha and Natalie Fleury (another manager) referred to her language style as "African American," sabotaged her job performance by changing her rules and job duties, failed to provide her with the support given to other new hires, denied her proper training, left her out of a strategic planning meeting and terminated her employment before she could take a basic computer class. Id. at 3-6. The plaintiff asserts that Cassandra Anick, a human resources representative, failed to disclose the existence of a "confidential line" to report work issues or otherwise offer the plaintiff advice. Id. at 6. A second HR representative, Christy Smith, allegedly stated at the plaintiff's termination that the plaintiff had previously spoken with Anick, which the plaintiff believes was a violation of "Public Disclosure of Private Facts." Id. The plaintiff seeks $120,000, reinstatement and reassignment to another department. Id. at 7.

Construing the complaint liberally, as the court must do with self-represented defendants at this early stage, the plaintiff has alleged that she suffered an adverse employment action or actions on the basis of her race. The court finds that the plaintiff's complaint contains sufficient factual allegations to proceed on claims of employment discrimination, harassment and retaliation. See Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 765 (7th Cir. 2016) (holding that the legal standard "is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse

4

employment action."); see also Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) (to state a race discrimination claim, "'I was turned down for a job because of my race' is all a complaint has to say."). At this early stage, the court cannot conclude that the complaint is frivolous or has no factual or legal basis.

The court will grant the plaintiff's motion to proceed without prepayment of the filing fee.

## II. Plaintiff's Motion for Appointment of Counsel

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007) (citing Jackson v. Cty. of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992)). Title VII provides that a court may appoint an attorney without charge "in such circumstances as the court may deem just." 42 U.S.C. §2000e-5(f)(1). But the court does not have money to pay appointed lawyers to represent people in civil lawsuits; the court relies on volunteer lawyers, and there are not nearly enough of those for everyone who asks.

Because there are not enough volunteer lawyers for the court to appoint someone to represent every person who asks for counsel, the Seventh Circuit Court of Appeals has instructed district courts to weigh several factors when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. Pruitt, 503 F.3d at 654-58;

Sherrill v. Potter, 329 Fed. Appx. 672, 674-75 (7th Cir. 2009) (applying the Pruitt factors in a Title VII case); Darden v. Ill. Bell Tel. Co., 797 F.2d 497, 500-01 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The plaintiff filed a one-sentence motion, asking the court to appoint her counsel because she is unemployed and in "need of legal representation." Dkt. No. 3. She does not indicate whether she has tried to find a lawyer on her own, despite the fact that there are organizations that help people who can't afford representation (such as the Legal Aid Society of Milwaukee and Legal Action of Wisconsin), and organizations who help people find lawyers who will represent them at reduced costs (the Milwaukee Bar Association's Lawyer Referral Service, www.milwbar.org, or 414-274-6768). Even if she had, the plaintiff clearly laid out in her complaint what she believes the defendants did to violate her rights. It appears to the court, at this early stage, that the plaintiff is capable of presenting her claims herself. If, as the case proceeds, the plaintiff feels that she is unable to represent her position herself, she can renew her request for appointment of counsel. If she does that, however, she must demonstrate to the court that she has made some effort to find a lawyer on her own.

## III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES** without prejudice plaintiff's motion for appointment of counsel. Dkt. No. 3.

The court **ORDERS** that, under 28 U.S.C. §1915(d) and Fed. R. Civ. P. 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons and this order on the defendants. Even though the court has permitted the plaintiff to proceed without prepaying the filing fee, the plaintiff remains responsible for the cost of serving the complaint on the defendants. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. §1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule appears in Revision to United States Marshals Service Fees for Services. See 28 C.F.R. §0.114(a)(2) and (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because the plaintiff does not have the money pay the filing fee, it has not made any provision for either the court or the U.S. Marshals Service to waive this cost.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**